IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY CLOUTHIER, et al., | No. C-06-3893 MMC |
| Plaintiffs, | **ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING RE: QUALIFIED IMMUNITY; CONTINUING HEARING ON MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| COUNTY OF CONTRA COSTA, et al., | |
| Defendants. | |
| _____ / | |

Before the Court are five motions for summary judgment, filed June 22, 2007 on behalf of, respectively, defendants County of Contra Costa ("County"), Sheriff Warren Rupf ("Rupf"), Sheriff's Deputy Matt Foley ("Foley"), Sheriff's Deputy Erik Steele ("Steele"), and licensed mental health specialist Margaret Blush ("Blush"). Plaintiffs have filed a consolidated opposition to four of the five motions; plaintiffs state they do not oppose Rupf's motion.

In their respective motions for summary judgment, Blush, Foley, and Steele raised no issue with respect to qualified immunity. Each such defendant, however, makes a qualified immunity argument in their respective replies.[1] Ordinarily, the Court would not address an argument raised for the first time in a reply. See, e.g., Lentini v. California

---

[1] The argument by Foley and Steele is contained in a consolidated reply filed by the County, Rupf, Foley and Steel. Blush filed a separate reply.

1  Center for the Arts, Escondido, 370 F.3d 837, 843 n. 6 (9th Cir. 2004) (refusing to consider
2  argument raised for first time in reply because opposing party had no opportunity to
3  respond).  With respect to qualified immunity, however, the Supreme Court has "stressed
4  the importance of resolving [such] immunity questions at the earliest possible stage in
5  litigation."  See Saucier v. Katz, 533 U.S. 194, 201 (2001).
6        Consequently, the Court will consider such arguments and will afford plaintiffs an
7  opportunity to respond.  Because the first part of the test for qualified immunity overlaps
8  with the merits of plaintiffs' § 1983 claims, see Saucier, 533 U.S. at 201 (holding "initial
9  inquiry" is whether "the facts alleged show the officer's conduct violated a constitutional
10 right"), and the parties have had an adequate opportunity to address the merits of such
11 claims, the parties shall limit their supplemental briefing to the second part of the test for
12 qualified immunity, specifically, "whether the right was clearly established" so that "it would
13 be clear to a reasonable officer that his conduct was unlawful in the situation he
14 confronted."  See id. at 201-202.
15       Accordingly, no later than August 3, 2007, plaintiffs may file a consolidated
16 supplemental opposition, of no more than eight pages in length, addressing the qualified
17 immunity arguments raised by Blush, Foley, and Steele.  No later than August 10, 2007,
18 Foley and Steele may file a consolidated supplemental reply of no more than four pages in
19 length, and Blush may file a supplemental reply of no more than four pages in length.  In
20 light of the need for additional briefing, the August 3, 2007 hearing on the motions for
21 summary judgment, as well as the August 3, 2007 case management conference, are
22 hereby CONTINUED to August 17, 2007 at 9:00 a.m.
23     **IT IS SO ORDERED.**
24 Dated: July 27, 2007      MAXINE M. CHESNEY
25     United States District Judge
26
27
28